FILED 24 FEB '25 10:32 USDC-ORP

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### for the

### District of OREGON

### PORTLAND Division

| | |
|---|---|
| IAN LEONARD CLARK | Case No. 3:25-cv-00304-SB |
| _____ | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)*  ☑ Yes  ☐ No |
| -v- | |
| TINA KOTEK in her capacity as Governor of Oregon | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE

### I.     The Parties to This Complaint

#### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | IAN L CLARK |
| Street Address | 12399 SE OATFIELD RD |
| City and County | MILWAUKIE   CLACKAMAS |
| State and Zip Code | OREGON, 97222 |
| Telephone Number | 503 593 8483 |
| E-mail Address | Ianclark01@ clearwellresearch.com |

#### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name                    TINA KOTEK (in her capacity as →

    Job or Title *(if known)*    — GOVERNOR OF OREGON

    Street Address            900 Court St. Ste. 254

    City and County         SALEM, MARION CO.

    State and Zip Code      OR, 97301 — 4047

    Telephone Number      503 378 — 4582

    E-mail Address *(if known)*  tkotek @ hotmail.com

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

4 5

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The "Due Process" clauses of the US Constitution, Specifically, the Due Process Clauses enshrined in the 5th Amendment and 14th Amendment.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*   IAN L CLARK                     , is a citizen of the State of *(name)*   UNITED KINGDOM                .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

3|5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

   b.   If the defendant is a corporation

        The defendant, *(name)* _____ , is incorporated under

        the laws of the State of *(name)* _____ , and has its

        principal place of business in the State of *(name)* _____ .

        Or is incorporated under the laws of *(foreign nation)* _____ ,

        and has its principal place of business in *(name)* _____ .

   *(If more than one defendant is named in the complaint, attach an additional page providing the
   same information for each additional defendant.)*

3.   The Amount in Controversy

     The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
     stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

PLEASE SEE ATTACHED SHEET: "CIVIL COMPLAINT
        AS CAPTIONED                        FEDERAL QUESTION"

DEFENDANTS COPY SERVED ON    19th FEB 2025

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal
arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

PLEASE SEE ATTACHED SHEET: "CIVIL COMPLAINT
DEFENDANTS COPY SERVED ON 19th FEB 2025    FEDERAL QUESTION"

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information. and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____ 4ᵗʰ Feb 2025 _____

Signature of Plaintiff  _____

Printed Name of Plaintiff  IAN CLARK

### B.  For Attorneys

Date of signing:  _____

Signature of Attorney  _____

Printed Name of Attorney  _____

Bar Number  _____

Name of Law Firm  _____

Street Address  _____

State and Zip Code  _____

Telephone Number  _____

E-mail Address  _____

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

IAN LEONARD CLARK on behalf of himself and all others similarly situated;
12399 SE Oatfield Rd, Milwaukie, OR, 97222
Plaintiff-Appellant,

v.

Ms TINA KOTEK, under color of her official capacity as governor of Oregon;
OFFICE OF THE GOVERNOR
900 COURT St. Ste. 254
SALEM, OR, 97301-4047

Case No: _____

# CIVIL COMPLAINT

**FEDERAL QUESTION** pursuant to 28 U.S.C § 1331;
and challenging the constitutionality of, ORAP 6.05(3) & 6.10(4)

MEMORANDUM

1.

**Jurisdiction.** Pursuant to 28 U.S.C. § 1331, the District courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. (June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–554, § 1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, § 2, Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, § 2(a), Dec. 1, 1980, 94 Stat. 2369.). The court's jurisdiction arises from the text of Article III of the Constitution. Article III exists as the instrument with which to bring a FEDERAL QUESTION before the federal court. Article III § 2 states that the Federal courts shall hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States…". The Supreme Court has interpreted this clause broadly by allowing federal courts to hear any case in which there is a federal ingredient. *Osborn v. Bank of the United States,* 22 US 738 (1824). For Federal Question jurisdiction to exist, the statutory requirement of 28 U.S.C. § 1331 must also be met. The statutory requirement is met when the claim arises under the Constitution, laws, or treaties of the United States. There is perhaps some pertinence, albeit duplicative, in the "Grable Test", established by *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005), also see, *Gunn v. Minton,* 568 U.S. 251 (2013).

2.

**Oaths of Justices and Judges** (28 U.S.C. § 453). The legitimacy of judicial staff is always a pertinent issue. It is an opportunity to recall the following oath or affirmation:

"I, ___ ___, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and laws of the United States. So help me God." (June 25, 1948, ch. 646, 62 Stat. 907; Pub. L. 101–650, title IV, § 404, Dec. 1, 1990, 104 Stat. 5124.).

The conduct of United States judges is also articulated in the Code of Conduct for United States Judges, as follows (effective, March 12, 2019):

Canon 1: A judge should uphold the integrity and independence of the judiciary;

Canon 2: A judge should avoid impropriety and the appearance of impropriety in all activities;

Canon 3: A judge should perform the duties of the office fairly, impartially and diligently;

Canon 4: A judge may engage in extrajudicial activities that are consistent with the obligations of judicial office;

Canon 5: A judge should refrain from political activity.

**3.**

**Self-Representation**. Pursuant to 28 U.S.C § 1654, Plaintiff, Ian Clark, (referred to herein as "Plaintiff") appears as a *pro se* litigant,

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are  permitted to manage and conduct causes therein".

**4.**

**Jury Demand**. According to Seventh Amendment to the United States Constitution, the Plaintiff has a right to review by jury,

"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

**5.**

**Class action.** The Plaintiff has filed for Class Action Certification, at the District Court, as a separate Motion.

## STATEMENT OF FACTS & LAW

**6.**

As the Court of Appeals of the State of New York observed, expecting government officials to police themselves, "is both unreal in fact and dubious in theory". *St. Clair v. Yonkers Raceway,* 13 N.Y.2d 72 (1963). In Oregon, this historical statement is proved true with relentless constancy. On this occasion, Oregon's state government vitiates the Federal Constitution by continuing to support the unconstitutional conduct, taking place on a routine, daily basis, at the Court of Appeals.

**7.**

The Attorney General's Office was made aware of this issue, puruant to FRCP 5.1, by certified mail, on ____19ᵗʰ____ February, 2025. The unconstitutional statutes in operation at the State Court of Appeals are as follows: **ORAP 6.05(3)** and **ORAP 6.10(4)**.

> ORAP 6.05(3) states,
>
> "…if a self represented party files a brief the case will be submitted without argument by any party…[a]n attorney representing himself or herself is not considered to be a self-represented party for the purposes of this rule."
>
> ORAP 6.10(4) states,
>
> "Only active member of the Oregon State Bar shall argue unless the court, on motion filed not less than 21 days before the date for argument, orders otherwise."

These rules exclude the People of Oregon from the protections afforded to them by the U.S Constitution's Due Process and Equal Protection clauses.

**8.**

The continuing operation of ORAP 6.05(3) and ORAP 6.10(4) is prohibited by a portfolio of statutes, rules and case determinations. The following instruments, either by direct statement or by contextual interpretation, ensure the right to self-representation in the courthouses of the United States:

> (a) Judiciary Act of 1789;
>
> (b) Oaths of Justices and Judges, 28 U.S.C §453 (1789). (see para. 2);

(c) *Osborn v. Bank of the United States,* 22 U. S. 738 (1824). "Natural persons may appear in Court either by themselves or by attorney. But, no man has the right to appear as the attorney of another without the authority of that other" (Chief Justice Marshall);

(d) *Mullane v. Central Hanover Bank,* 339 U.S. 306 (1950); procedures for settlement are, "...are administered under the supervision of its courts[...]such as to establish beyond doubt the right of its courts to determine the interests of all claimants, resident or nonresident, provided its procedure accords full opportunity to appear and be heard". 339 U. S. 311-313.

(e) the Rules of Judicial Conduct, Rule 2.6 (1972/3). "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law". Rule 2.6 (A).

(f) Due Process and Equal Protection clauses of the Fourteenth Amendment (1868); " ...No State shall make or enforce any law which abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws". § 1.

(g) corresponding Federal law. For example, TItle 12, Ch. 11, § 263.6 (2). "By non-attorneys. An individual may appear on the individual's own behalf";

(g) 28 U.S.C § 1654 (1948). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel..."

**9.**

It is with the text of 28 U.S.C § 1654 ("Appearance personally or by counsel") that this Complaint finds its focus,

> "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, **by the rules of such courts**, respectively, are permitted to manage and conduct causes therein". [*bold added for emphasis*]

The Plaintiff finds that § 1654 is being exploited at Oregon's Court of Appeals. The Court commits wilful error by relying upon 'rules' that are illegal and unconstitutional. ORAP

6.05(3) and 6.10(4) violate the Rights of Due Process and Equal Protection by removing residents' "opportunity to be heard".

**10.**

The rationale for the Plaintiff's claim is found at, *Mullane v. Central Hanover Bank* (1950), in which the Supreme Court determined that procedural Due Process requires: (a) notice; (b) an opportunity to be heard, and; (c) an impartial tribunal. By excluding residents from representing themselves the aforementioned ORAPs violate the "opportunity to be heard" at the 'heart' of legal Due Process. It is just as fundamental to remember that a litigant cannot be compelled to use/hire a lawyer in any circumstances. In the final analysis, the continuing operation of the aforementioned ORAPs violates Article VI, ¶ 2 of the U.S. Constitution, referred to as the Supremacy Clause. No court in the land may circumvent the U.S Constitution by preventing individuals, irrespective of socio-economic status, from representing themselves.

**CONTROLLING LAW: DISCUSSION**

**11.**

**Standing.**

**Facial challenge**

**(1) Third-Party Standing.**

The Plaintiff's has third-party standing to file a "facial-challenge" with this court. The facial-challenge doctrine holds that a law, rule or code (*etc*) is not Constitutional '*on its face*'. The harm is the absolute loss of liberty; and more, it is the destruction of the nation's foundational values. This loss (or precarity) is distributed among every resident in Oregon, in equal proportion. Each resident of Oregon is affected (violated, oppressed, *etc.,*) in precisely the same way, thus creating a solitary, superordinate, protected class (*slang.* "The Disenfranchised Resident"; "The Betrayed Resident", and so on). As a result, the Plaintiff's complaint is tailor-made for Class Action Certification, pursuant to FRCP 23.

**12.**

Plaintiff alleges that ORAPs 6.05(3) and 6.10(4) are unconstitutional in all circumstances, and should be declared "facially invalid". In *United States v. Stevens,* 559 U.S.

460 (2010), the Supreme Court identified two situations in which a plaintiff might prevail in a facial challenge,

> (a) "No set of circumstances exists under which [the statute] would be valid";

> (b) "The statute lacks any 'plainly legitimate sweep'".

The Supreme Court's perspective is pre-dated by, *Steffel v. Thompson*, 415 U.S. (1974), in which it was stated that a facial challenge is most likely to be successful when the, "statute [in question] is invalid in toto – and therefore incapable of any valid application" *id*. at 452, 474. There is "no set of circumstances" in which it is legal to apply the ORAPs. Neither is it legal to impose a tax upon residents that pays the salaries of government employees, who abuse the justice system. The continuing operation of ORAP 6.05(3) and 6.10(4) creates a literal judicial-dictatorship over tax-payers (and non-taxpayers) who reside inside Oregon's jurisdiction.

**13.**

**(2) Tax-Payer Standing**. Similarly, a tax-payer can mount a facial challenge on behalf of other tax-payers who reside inside the State of Oregon's jurisdiction. This private right of action arises by provision of Article III § 2, of the U.S Constitution. In 1975, the California Supreme Court declared that taxpayer litigation functions as, "a general citizen remedy for controlling illegal government activity". *White v Davis*, 13 Cal.3d 757, 763 (1975). The Plaintiff Complaint merits tax-payer standing in the matter of how Oregon's state government is using the public's money. The Plaintiff requests the District court prohibit the government from spending money, expropriated from the tax-payer, on judge's and clerk's salaries, until the Plaintiff's Complaint is resolved.

**14.**

In *Lyons v Ryan,* 201 Ill. 2d 529 (2002), plaintiffs argued that they had standing to bring a taxpayer action against defendants, "…for themselves and all other taxpayers similarly situated." The Supreme Court decided that it must define the real party in interest in the litigation. The Court determined that the "real party in interest" is the person or entity entitled to the benefits, if the action is successful. Black's Law Dictionary 1264 (6th ed. 1990). In general, the courts require the Plaintiff to harbor a "real", actual and substantial interest in

the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the case. See *Vukusich v. Comprehensive Accounting Corp.*, 150 Ill. App. 3d 634, 640 (1986); see also Black's Law Dictionary 1264 (6th ed. 1990). In the Plaintiff's Complaint, there is no doubt that the Plaintiff is a taxpayer, residing within the jurisdiction of the State of Oregon. There is no doubt that the beneficiaries of a successful action are the residents of Oregon, who are currently being drained of their finances while, at that same time, being excluded from the protections of the U.S Constitution.

### 15.

In 1914, the Supreme Court has held tax revenues, upon their collection, become public funds, of which the taxpayers are the equitable owners. The court stated that a taxpayer has the, "equitable right to restrain the illegal use or misappropriation of public funds in which he, in common with other tax-payers, ha[s] an interest." *Jones v. O'Connell*, 266 Ill. 443, 447–48, 107 N.E. 731 (1914). There can be no reasonable doubt that the vast majority of taxpayers expect the state courts to comply, equitably, with the Due Process clauses of the Federal Constitution. The concept of the "equitable right" is fundamental to understanding why the law insists that public funds are spent in the mutual interests of both taxpaying residents and government; interests that should, in theory, be identical in this situation. In, Illinois's Appellate Court, *Jenner v. Illinois Department of Commerce & Economic Opportunity*, (2016) IL App (4th) 150522, the court reversed the decision of the trial court; stating that taxpayers, "have an equitable right" to approach the Federal court for an order stopping the government when it has "misappropriated [taxpayer money] or put [it] to an illegal use". The Appellate Court cited, among other authorities, *Snow v. Dixon*, 66 Ill.2d 443, 450, 6 Ill.Dec. 230, 362 N.E.2d 1052 (1977), which held that "[a] taxpayer [might] bring suit to enjoin misuse of public funds in administering an illegal legislative act." *Crusius v. Illinois Gaming Board*, 348 Ill.App.3d at 49, 283 Ill.Dec. 366, 807 N.E.2d 1207. As we recall, the "illegal legislative act" at the center of this Complaint is the continuing authorization of the ORAPs. It is an unconstitutional process, for which taxpayers money may not be used, legitimately. In *Snow*, the plaintiff sued to prevent the illegal collection of future tax (*Snow*,

66 Ill. 2d at 452). Similarly, the illegal collection of tax in Oregon ceases at a future point

where the ORAPs are no longer in operation, and can be funded no more. The court's

deliberations in, *Lyons v. Ryan*, 201 Ill. 2d 529 (2002), revealed that if no public salaries are

paid or public equipment is used, then there has been nothing illegal about the use of public

funds, and taxpayer standing is not conferred. In Oregon, the salaries of the officials that

administrate the ORAPs continue to be paid.

**16.**

There are some who argue that for a plaintiff to merit taxpayer-standing, taxpayers

must be liable to replenish the treasury for the public funds that were misapplied.

*Beardsworth v. Whiteside & Rock Island Special Drainage District*, 356 Ill. 158, 169 (1934).

However, this was rebuffed, in *Jenner* IL App (4th) 150522 (2016), "such liability is not the

sine qua non of taxpayer standing." (citing *Krebs v. Thompson*, 387 Ill. 471, 475 (1944). In

the Plaintiff's Complaint, however, the public *is* obliged to continue funding daily operations,

at the state courts. The courts must use public money to operate. However, they operate on an

illegal basis, conjured by the language of ORAPs. The courts, therefore, do not work on

behalf of the public that pays them and, therefore, cannot work to the mutual benefit of both

parties. The state continues in error. It fails by rejecting the foundational principles of Federal

government and by betraying the trust of the people.

**17.**

In, Article III, § 2, of the U.S. Constitution, it is Clause 1 that states a litigant may not

rely solely upon the status of taxpayer to invoke Article III standing and challenge

government spending decisions. In, *Flast v. Cohen* 392 U.S. 83 (1968) the Supreme Court

created an exception to the general rule of standing that being a taxpayer, and only a taxpayer,

is insufficient grounds to challenge an expenditure of government funds alleged to violate the

Constitution. The test articulated in *Flast* requires the taxpayer to demonstrate two things in

order to merit standing,

> "First, the taxpayer must establish a logical link between that status [taxpayer] and
>
> the type of legislative enactment attacked," and "[s]econdly, the taxpayer must

establish a nexus between that status and the precise nature of the constitutional

infringement alleged." (*Id.* at 102)

**18.**

**THE SUPREMACY CLAUSE.** The continuing operation of the ORAPs is prohibited

by Article VI, ¶ 2 of the U.S. Constitution, referred to as the Supremacy Clause. It establishes

that the Federal constitution, and Federal law generally, take precedence over state laws and

state constitutions. It prohibits states from interfering with the Federal Government's exercise

of its constitutional powers, and from assuming any functions that are exclusively entrusted to

the federal government. In this Complaint, it can be seen that the continuing operation of the

ORAPs rejects, entirely, the clearly-worded intentions of the U.S. Constitution. The

Fourteenth Amendment of the U.S. Constitution, § 1 states,

> " …No State shall make or enforce any law which abridge the privileges or
>
> immunities of citizens of the United States; nor shall any State deprive any person of
>
> life, liberty, or property, without due process of law; nor deny to any person within its
>
> jurisdiction the equal protection of the laws".

This Amendment is specifically tailored to the states, and therefore the Fourteenth, "can be

violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v.*

*Edmondson Oil Co.,* 457 U.S. 922, 924 (1982). By consequence, if an action is deemed a

"state action", then that act meets the statutory requirement of "under color of state law".

"State action" has compelled this Complaint because it was through official action that the

fatal blows were struck against the U.S. Constitution's Fifth, Sixth and Fourteenth

Amendments. In the case of equal protection, there is simply *no* protection afforded to the

resident. Consequently, in Oregon, the Fourteenth Amendment does not exist. Similarly, in

the area of criminal law the Fifth Amendment's due process clause and the Sixth

Amendment's equal protection clause are voided, also by the operation of ORAP 6.05(3) and

6.10(4).

**19.**

**Ex parte Young.** 209 U.S. 123, 159-60 (1908). The legal theory by which a member

of the public may sue a state official is the known as the *Ex parte Young* doctrine. The 1908

Supreme Court case *Ex parte Young* limited the Eleventh Amendment by allowing suits

against state officials when they violate the Constitution. It overcomes states' sovereign

immunity, which protects governments from civil suits, criminal prosecution, and other legal

action unless they consent. *Ex parte Young* established that this protection does not apply to

state officials who violate Federal law. With few exceptions, legal scholars recognize *Young*

as the, "primary method of limiting the effect of the Eleventh Amendment and of ensuring

state compliance with federal law." *Seminole Tribe v. Florida*, 517 U.S. 44, 169-71 (1996)

(Souter, J., dissenting). This means that a person wishing to challenge the Constitutionality of

a law that improperly regulates their conduct (by preventing them from removing

unsatisfactory judges), may sue the government official responsible for enforcing that

provision for declaratory and injunctive relief. The *Ex parte Young* doctrine is necessary for

the vindication of Federal rights in Federal courts and for the assured compliance of state

officials with the supreme authority of the United States. *Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 102-03 (1984).

20.

When a state violates the Constitution or a Federal statute, the ability to enjoin those

state officers responsible for that violation is of the utmost importance. *Puerto Rico Aqueduct*

*& Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146 (1993). It is by this method that

Governor Kotek may be sued, in her official capacity, for a court order requiring the state to

remedy the Complaint, prospectively. The word "prospectively" is an important term, given

prominence in, *Edelman v. Jordan* 415 U.S. 651 (1974), which limited *Young's* application by

allowing only prospective, injunctive relief in suits against state officials, on the ground that

the Eleventh Amendment prohibits a court from hearing a claim for retroactive relief *id.* at

664-78 if it comes from the state's treasury 415 U.S. at 663.

**DEFENDANT'S LIABILITY**

21.

**Re: Governor Tina Kotek.** "The [plaintiff] must set forth specific facts as to each

individual defendants" causal role in the alleged constitutional deprivation. *Leer v. Murphy*,

844 F.2d 628, 634 (9th Cir. 1988) (citation omitted). There is no doubt that Governor Kotek is

the 'overseer' of Oregon's laws and courts. The National Governors' Association (NGA)

attests to the nature of the functions that a governor performs ("Governors: Powers and

Authority", https://www.nga.org/governors/powers-and-authority/),

> "As state managers, Governors are responsible for implementing state laws and
>
> overseeing the operation of the state executive branch. As state leaders, Governors
>
> advance and pursue new and revised policies...". (¶1 )...Governors carry out their
>
> management and leadership responsibilities and objectives with the support and
>
> assistance of department and agency heads, many of whom they are empowered to
>
> appoint. A majority of Governors have the authority to appoint state court
>
> judges..."(¶2)

As one would expect, the ORAPs were signed into law by the governor of Oregon. It is, no

doubt, one of the more important jobs of a state governor to ensure that the laws of that state

operate on behalf of residents and taxpayers, equitably and predictably. Yet, Governor Kotek

presides over a system that does not operate like this, a system that: (a) is not Constitutional,

and; (b) expropriates public money that is used to reward the staff inside Oregon's

dysfunctional state courts.

### 22.

**Causation.** A person deprives another of a Constitutional right,

> "within the meaning of 42 USC § 1983, 'if he does an affirmative act, participates in
>
> another's affirmative act, or omits to perform an act which he is legally required to do
>
> that causes the deprivation of which complaint is made.'"

*Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting

*Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)); see also *Redman v. County of San*

*Diego*, 942 F.2d 1435, 1439-40 (9th Cir. 1991) (en banc); *Stevenson v. Koskey*, 877 F.2d 1435,

1438-39 (9th Cir. 1989); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms'".

*Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743); see also *Wong v. United States*, 373 F.3d 952, 966 (9th Cir. 2004); *Gilbrook v. City of Westminster*, 177 F.3d 839, 854 (9th Cir. 1999); *Harris v. Roderick*, 126 F.3d 1189, 1196 (9th Cir. 1997); *Bateson v. Geisse*, 857 F.2d 1300, 1304 (9th Cir. 1988); *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987); *McRorie v. Shimoda,* 795 F.2d 780, 783 (9th Cir. 1986). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); see also *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008); *Wong*, 373 F.3d at 966; *Stevenson*, 877 F.2d at 1438-39; *Leer*, 844 F.2d at 634. In the Plaintiff's Complaint, there can no reasonable doubt that the continuing operation of the ORAPs causes the greatest of harms, the violation of people's liberty, foreseeably and entirely. Yet, we find Oregon's elected Governor to be deliberately indifferent to the oppression of the people by the state. This perspective is consistent with the conduct of governments in the 'ragged', deprived and war-torn regions of the world (similar in topic to studies in "Transitional Justice").

**23.**

**42 U.S.C. § 1983.** The Plaintiff does not seek damages from the Defendant. Governor Kotek, in her capacity of state governor and under color of state law, is the sole Defendant in the Plaintiff's claim for injunctive relief, pursuant to 42 U.S.C. § 1983, ("Civil action for deprivation of rights"),

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction there of, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'". *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S.137, 144 n.3 (1979)); see also *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). In this Complaint, "elsewhere conferred" refers to the contents of the U.S. Constitution, particularly the requirements of the Fourteenth and the Fifth Amendments.

**24.**

**"Under color of law".** Section 1983 can provide a cause of action against persons acting under color of state law who have violated rights guaranteed by Federal statutes.See *Gonzaga University v. Doe*, 536 U.S. 273, 279 (2002); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 28 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980); *Cal. State Foster Parent Ass'n v. Wagner*, 624 F.3d 974, 978-79 (9th Cir. 2010); *AlohaCare v.Hawaii, Dep't of Human Servs.*, 572 F.3d 740, 745 (9th Cir. 2009); *Ball v. Rodgers*, 492 F.3d 1094, 1103 (9th Cir. 2007); *Legal Servs. of N. Cal., Inc. v. Arnett*, 114 F.3d 135, 138 (9th Cir. 1997). A defendant has acted under color of state law where he or she has, "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S.42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); see also *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981); *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006); *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000); *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir. 1997); *Vang v.Xiong*, 944 F.2d 476, 479 (9th Cir. 1991); see also *Florer v. Congregation Pidyon Shevuyim*, N.A., 639 F.3d 916, 922 (9th Cir. 2011) (determining whether private entities operating as contract chaplains within the Washington State prison system were state actors for purposes of § 1983 and RLUIPA).

**25.**

**Supervisory Liability.** The Complaint does not accuse Governor Kotek's subordinates. See, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). See also *Starr v. Baca*, 652 F.3d 1202 (9th Cir. July 25, 2011), discussing Iqbal, and explaining that,

"[w]hen a supervisor is found liable based on deliberate indifference, the supervisor is

being held liable for his or her own culpable action or inaction, not held vicariously

liable for the culpable action or inaction of his or her subordinates."

The Ninth Circuit's Office of Staff Attorney's (Brintnall, 2002;

https://cdn.ca9.uscourts.gov/datastore/uploads/guides/Section_1983_Outline_2012.pdf) observes that

a supervisor's liability,

"...under [§] 1983 arises only upon a showing of personal participation by the

defendant. A supervisor is only liable for the constitutional violations

of[...]subordinates if the supervisor participated in or directed the violations, or knew

of the violations and failed to act to prevent them". (Section 1983 Outline, s. 2,

"supervisor liability").

In this matter, Governor Kotek is held liable for her own person conduct and that of

her subordinates because the Governor of Oregon supervises amendments through the system,

signs laws into effect, and authorizes modifications to state law.

**The standard of liability.** The extent of defendants' liability is discussed in,

*Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007). The court

developed a standard for liability, as follows; only that officials must know about the alleged

violation and fail to take corrective action. As already noted, the Attorney General and the

Governor's Office are aware of the Complaint. Yet, Governor Kotek continues to engage in

"acts", and supervises others to engage in such acts, which she knows violate Federal law

"and cause constitutional harms". *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson v. Duffy*,

588 F.2d at 743).

**WHEREFORE.**

Plaintiff requests injunctive relief with the effect of:

(a) preventing the continuing operation of ORAP 6.05(3) and ORAP 6.10(4) in its

current form;

(b) reforming the spirit and letter of ORAP 6.05(3) and 6.10(4), so that it is consistent with Federal law and with the intentions of the "Framers", generally;

(c) halting expenditure on activities taking place inside the state courts that would, otherwise, be vitiated by the continuing operation of the ORAPs under review;

and,

(d) The Plaintiff requests the court to Certify this Complaint as a Class Action, pursuant to U.S.C. 28, Rule 23.


By: Ian Clark _____          _____17'ᵘ_____ February, 2025

Email: ianclark01@clearwellresearch.com          Telephone: (503) 593-8483

.

**CERTIFICATE OF MAILING**

I hereby certify that I mailed a true copy of the foregoing to the addressees listed below. I

further certify that said copy was placed in a sealed envelope and mailed to the addresses set

forth below. Said envelope was deposited in the United States Post Office, at Milwaukie,

Oregon, on the ____19____ February, 2025.


Addressed to:

Ms Denise Fjordbeck,
Office of the Attorney General,
Oregon Department of Justice,
1162 Court St. NE,
Salem,
OR, 97301-4096

CLERK,
Mark O Hatfield U.S Courthouse,
1000 SW 3rd Ave,
Portland,
OR, 97204

Ms Tina Kotek ,
Office of the Governor,
900 Court Street, Ste. 254,
Salem,
OR, 97301-4047

By: Ian Clark

____17____ February, 2025

Email: ianclark01@clearwellresearch.com

Telephone: (503) 593-8483

2399 SE Oatfield Rd
97222

7022 3330 0000 7024 5875

CLERK

MARK O HATFIELD U.S COURTHOUSE

1000 SW 3rd AVE

PORTLAND

OR, 97204

KOTEK.



USPS FIRST-CLASS MAIL®

US POSTAGE IMI
$12.10
SSK
FCM
04985021917590Z  2000394211
02/19/25  Mailed from 97267  02BW231020B4

IAN CLARK
12399 SE OATFIELD RD
PORTLAND OR 97222

RETURN RECEIPT REQUESTED

SHIP TO:
CLERK
MARK O HATFIELD COURTHOUSE
1000 SW 3RD AVE
PORTLAND OR 97204

6.70 oz

RDC 99

USPS CERTIFIED MAIL®

9514 7066 9311 5050 7649 80